UNITED STATES of America, Plaintiff,

v.

Francis A. LEVERING, Jr., Defendant
and Third-Party Plaintiff,

v.

Joseph T. MURPHY and Francis N.
Rowley, Third-Party Defendants.

Civ. A. No. 77–142.

United States District Court,
D. Delaware.

Aug. 30, 1978.

James W. Garvin, Jr., U. S. Atty., Alan J. Hoffman, Asst. U. S. Atty., Wilmington, Del., Barbara Allen Babcock, Asst. Atty. Gen., J. Roger Edgar, Alexander Younger, and Paul A. Blaine, Dept. of Justice, Washington, D. C., for plaintiff.

Michael N. Castle, of Schnee & Castle, P. A., Wilmington, Del., for defendant and third-party plaintiff.

Edward J. Wilson, Wilmington, Del., for third-party defendant Murphy.

Leonard S. Togman and Daniel F. Lindley, of Potter, Anderson & Corroon, Wilmington, Del., for third-party defendant Rowley.

## OPINION

STEEL, Senior District Judge:

The United States brought this civil action under the False Claims Act, 31 U.S.C.

§§ 231–235 (1970) against defendant Francis A. Levering, Jr., ("Levering") to recover damages resulting from Levering's alleged fraudulent conduct toward the Federal Housing Authority ("FHA"). The complaint alleges that Levering bribed two employees of the FHA to obtain preferential treatment on his applications for FHA mortgage insurance, with resulting loss to the FHA. Levering filed an answer in which he raised, *inter alia*, in paragraphs 58 and 59, the affirmative defenses of unclean hands and estoppel. Each of these defenses is based upon the dual contention that agents of the government were knowingly involved in the action (i. e., took bribes from the defendant) and that statements and other information were obtained from the defendant pursuant to a grant of immunity which the defendant understood pertained to non-tax civil actions. The United States has moved for partial summary judgment in its favor limited to "defendant's affirmative defense of immunity."

Defendant's claim of immunity from non-tax civil liability had its genesis in a number of discussions and letters between an Assistant United States Attorney and the defendant's attorney. In essence, these communications concerned the granting of immunity to the defendant from criminal prosecution if he would waive his privilege against self-incrimination and give Grand Jury testimony in connection with alleged crimes in the housing industry. The defendant accepted the government's offer of immunity. Judge Stapleton, acting on the government's application, entered an order on September 12, 1974, under 18 U.S.C. § 6002 directing defendant to give testimony to the Grand Jury, which the defendant did.

The defendant bases his claim of immunity from the present civil non-tax action upon statements verbal and written by an Assistant United States Attorney. In particular, the defendant relies upon a letter dated April 8, 1974, from Ralph F. Keil, United States Attorney, to L. Vincent Ramunno, attorney for the defendant.[1] After referring to a proposed application that the United States Attorney's office was to make to the Department of Justice for a grant of formal "Use Immunity" to defendant in exchange for defendant's cooperation in the pending criminal housing investigation the letter stated:

> "I think you should also be advised that this grant of immunity does not extend to any civil tax liability, although it covers all criminal violations."

The scope of the immunity to which the letter refers is somewhat ambiguous. Nevertheless, the letter may reasonably have led defendant to believe that the grant of immunity in the criminal action would also carry with it immunity in all related civil matters save the single tax exception expressly mentioned.

The government argues that the April 8 letter was not authorized by the Civil Division and that no Assistant United States Attorney was authorized to grant the defendant immunity against any civil claim by the government, including the present one. The only evidence in the record supports the government's position.

The scope of the United States Attorney's authority to compromise civil suits is set out, in relevant part, in 28 C.F.R. Appendix to Sub-Part Y §§ 3B and 4 (1974), *as presently in effect* at 28 C.F.R. Appendix to Sub-Part Y (1977). Section 3B delegates authority to United States Attorneys over "[c]ivil claims arising from fraud on the Government . . . whenever the amount of single damages claimed . . . does not exceed $10,000." Because the damages claimed by the government in this suit exceed $10,000,[2] the United States Attorney clearly possessed no authority under

1. In paragraph 62 of his answer the defendant refers to the letter of April 8, 1974, as the government's "grant of immunity" to him. The April 8, 1974, letter was apparently written by Alan J. Hoffman, Assistant United States Attorney, on behalf of Mr. Keil. This letter is found as Exhibit D to the defendant's reply memorandum (Doc. No. 29).

2. See paragraphs 17, 27, 36, 46, 54 and 56 of the complaint.

Section 3B to grant immunity from this suit to Levering.

Section 4, however, provides that "[n]otwithstanding any of the provisions of this Memorandum,[3] Section Chiefs, . . . [and u]pon recommendations of Section Chiefs, the Assistant Attorney General may delegate to U. S. Attorneys any claims or suits including those involving amounts greater than as set forth above, . . . where the circumstances warrant such delegation." Section 4 thus authorizes an Assistant Attorney General, upon the recommendation of a Section Chief, to delegate to a United States Attorney the power to compromise civil suits involving claims in excess of $10,000. Therefore, the Assistant United States Attorney's authority, if there was any, must arise from Section 4.

In paragraph 5 of plaintiff's first set of interrogatories the defendant was asked to state whom in the Department of Justice he "contended" authorized the grant of immunity to the defendant from non-tax civil actions. (Doc. No. 16). In his answer, the defendant stated that the grant of immunity was authorized by Harry E. Peterson, Assistant Attorney General, Department of Justice, by a letter dated August 30, 1974, attached to the answer. At the time the letter was written, Peterson was an Assistant Attorney General in the Criminal Division, Exhibit G to plaintiff's reply memorandum (Doc. No. 29). In this capacity, he had no authority to grant immunity against civil suits. That authority had been delegated by the Attorney General to the Assistant Attorney General in charge of the Civil Division of the Department of Justice. 28 C.F.R. §§ 0.45, 0.160 (1974). Therefore, Mr. Peterson's letter could not endow the Assistant United States Attorney with authority pursuant to Section 4 to grant civil immunity to the defendant in the instant case. Moreover, Peterson's so-called letter

of authorization did not concern the granting of immunity in a civil action.[4] Rather, it simply conferred authority on the United States Attorney's office to seek an immunity order from the Court in order to obtain defendant's testimony before the Grand Jury and in any other criminal proceedings relating or ancillary to the housing investigation. In any event, the Peterson letter dated August 30, 1974, was no authority for the United States Attorney to write the letter of April 8, 1974.

Defendant's answer to plaintiff's first set of interrogatories was filed on December 19, 1977. Plaintiff filed his motion for partial summary judgment and memorandum in support thereof on May 16, 1978. Between these two dates defendant had ample opportunity to determine by way of discovery or otherwise, who, if anyone, in the Department of Justice granted authority to Hoffman, the Assistant United States Attorney, to write Ramunno as he did on April 8, 1974, or indeed to anyone else in the United States Attorney's office to grant the defendant immunity from a civil action. The defendant failed to avail himself of this opportunity. Accordingly, he is bound by his contention that the authority which the Department of Justice gave to settle civil actions against the defendant is contained in the letter written by Peterson on August 30, 1974. Of course, it granted no such authority to anyone. This was the only contention which plaintiff had any reason to rely upon in filing its motion for summary judgment. Plaintiff, in order to sustain its motion, had no burden to prove any more than that the August 30, 1974, letter was inadequate to authorize the United States Attorney's office to grant defendant immunity against a civil action. This it has done.

---

**3.** 28 C.F.R. Appendix to Sub-Part Y—Redelegation of Authority to Compromise and Close Civil Claims. Memo. No. 374. Delegation of Authority to United States Attorneys in Civil Division Cases (1974).

**4.** Additionally, a second letter written on August 30, 1974, by the Criminal Division to the

United States Attorney emphasized in unmistakable terms that the then intended grant of immunity for defendant did not include any civil liability which he owed the government. This letter is found as Exhibit B to plaintiff's motion for summary judgment (Doc. No. 18).

 The United States is not estopped from seeking recovery under the False Claims Act by an unauthorized grant of civil immunity. *United States v. Kates,* 419 F.Supp. 846, 858 (E.D.Pa.1976). *See generally, Federal Crop Ins. Corp. v. Merrill, et al.,* 332 U.S. 380, 384–86, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Utah Power & Light Co. v. United States,* 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791 (1917); *Tracy Leigh Dev. Corp. v. Virgin Islands,* 501 F.2d 439, 443 (3d Cir. 1974); *In re Hooper's Estate,* 359 F.2d 569, 577 (3d Cir.), *cert. denied, Marine Nat. Exchange Bank v. Government of Virgin Islands* 385 U.S. 903, 87 S.Ct. 206, 17 L.Ed.2d 133 (1966). Although commentators have criticized the general rule that estoppel is to be rarely invoked against the United States, *see* 2 K. Davis, Administrative Law Treatise § 17.09 at 542–43 (1958), the law in the Third Circuit remains that the government is not estopped by acts of its officers who enter into agreements to accomplish what the law does not sanction or permit. *See Tracy Leigh Dev. Corp. v. Virgin Islands,* 501 F.2d 439, 443 (3d Cir. 1974); *In re Hooper's Estate,* 359 F.2d 569, 577 (3d Cir.), *cert. denied, Marine Nat. Exchange Bank v. Government of Virgin Islands,* 385 U.S. 903, 87 S.Ct. 206, 17 L.Ed.2d 133 (1966).

 Plaintiff's motion for partial summary judgment is limited to a resolution of the immunity defense upon which the estoppel and unclean hands defenses rests in part. Both parties, however, have briefed those defenses insofar as they are also based upon the allegation that agents of the plaintiff were the recipients of bribes paid by the defendant. No unclean hands or estoppel defense can be validly asserted against the government for that reason unless it is upon the theory of respondeat superior. As to this, the government cannot be held responsible for the actions of its agents unless those actions were performed in the scope of their duties. The acceptance of bribes by government agents can scarcely be viewed as an activity which they performed in the course of their legally authorized duties. Their actions were clearly illegal and unauthorized and cannot be the basis of charging the government with unclean hands or an estoppel.

Partial summary judgment will be granted against the defendant on the defenses raised by paragraphs 58 and 59 of the answer.